(March 30, 1918.)

## EDWARD J. BREYER, Appellant, v. ANDREW J. BAKER, Respondent.

[171 Pac. 1135.]

WATER—WATER RIGHTS—SEEPAGE—APPROPRIATION THEREOF.

    1. Seepage water from a canal having its source in a watershed other than that in which the seepage occurs is subject to appropriation under the provisions of Rev. Codes, sec. 3246.

    [As to land owner's right in percolating waters, see note in 99 Am. St. 66.]

APPEAL from the District Court of the Fourth Judicial District, for Elmore County. Hon. James R. Bothwell, Judge.

Action to determine priority of water rights. Judgment for defendant. *Modified.*

W. C. Howie, for Appellant.

The use of water prior to a permit gives a better right. (*Malad Valley Irr. Co. v. Campbell*, 2 Ida. 411, 18 Pac. 52.)

E. J. Dockery and Daniel McLaughlin, for Respondent, cite no authorities.

RICE, J.—The appellant brought this action to quiet title to the waters of Dixie Creek, in Elmore county, alleging ownership of 162.9 acres of land and an appropriation of 3.2 cubic feet per second of water from the said creek, with date of priority in March, 1903. The respondent answered and filed a cross-complaint, alleging ownership of approximately 160 acres of land and an appropriation of certain seepage water, with date of priority some time in the spring of 1908, and a subsequent appropriation of the waters of Dixie Creek, with date of priority some time in the year 1913.

It is admitted that the 1913 appropriation of respondent is subsequent to the appropriation of appellant, but respondent maintains that he has a first right to the seepage water appropriated. The court found that the appellant owned 60.8 acres of land, which was susceptible of gravity irrigation from Dixie Creek and required artificial irrigation, and decreed the appellant 1 27/125 second-feet of water from the creek prior to any right of the respondent therein. The court decreed the respondent 1 second-foot of the waters of the creek, with date of priority subsequent to that of the appellant. The evidence is substantially conflicting upon the question as to how many acres of land the appellant irrigated, and there was no dispute as to the proper duty of water. The decree with reference to appellant's water right, therefore, should not be disturbed. No question is raised as to respondent's right to the 1 second-foot of water from the creek as decreed.

The only remaining question in the case is as to the right to the seepage water alleged to have been appropriated by the respondent and awarded to him by the decree. The record shows that the seepage water claimed by respondent escapes from the canal of the Great Western Beet Sugar Company, which began to carry water in the year 1908. There is no allegation in the respondent's cross-complaint as to the source of supply of this canal. The court cannot take judicial notice of the source of supply of a canal.

If the Great Western Beet Sugar Company's canal has its source in Dixie Creek at a point above the point of diversion of appellant's irrigation ditches, the claim of respondent to prior appropriation of the seepage water from said canal may present a grave question. There are statements in the record, however, from which we infer that the canal may have its source in another watershed than that from which Dixie Creek obtains its supply.

If this fact had been alleged and established in this case, the judgment in favor of respondent would have been correct. In that case the seepage water from the canal would not be water which appellant appropriated, or which was

subject to his appropriation.   On the other hand, it would be water clearly within the provisions of Rev. Codes, sec. 3246, which is as follows: "All ditches now constructed or which may hereafter be constructed for the purpose of utilizing seepage, waste or spring water of the state, shall be governed by the same laws relating to priority of right as those ditches, canals and conduits constructed for the purpose of utilizing the waters of running streams."   For a case somewhat analogous, see *Ripley v. Park Center Land & Water Co.*, 40 Colo. 129, 90 Pac. 75.

The decree awarding to appellant 1 27/125 second-feet of the waters of Dixie Creek, and to respondent 1 second-foot thereof, is affirmed.   The decree awarding to respondent 30/50 of a second-foot of the seepage water from the canal of the Great Western Beet Sugar Company is reversed, with directions to the trial court to permit respondent to amend his cross-complaint and submit proof as to the source of supply of the canal.   Should the court find that the canal has its source in a watershed other than that from which Dixie Creek obtains its supply, judgment should thereupon be entered in favor of respondent on his cross-complaint for the use of the seepage water from said canal.   Each party shall pay his own costs on this appeal.

Budge, C. J., and Morgan, J., concur.